IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JASON L. ALBEE,                          )
                                         )
                Plaintiff,               )       TC-MD 160016N
                                         )
        v.                               )
                                         )
DEPARTMENT OF REVENUE,                   )
State of Oregon,                         )
                                         )
                Defendant.               )       **FINAL DECISION**[1]

Plaintiff appeals Defendant's Notice of Deficiency Assessment dated November 25, 2015, for the 2012 tax year. A trial was held in the Oregon Tax Courtroom on September 21, 2016, in Salem, Oregon. Robert Armstrong (Armstrong), an Oregon public accountant who prepared Plaintiff's 2012 return, appeared and testified on behalf of Plaintiff. Kandis Miller (Miller), tax auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 10 and Defendant's Exhibits A to G were received without objection.

## I. STATEMENT OF FACTS

A.      *Stipulated Facts*

The parties submitted several stipulations at trial. The parties agreed that, in 2012, Plaintiff lived in Aumsville, which is within the Salem metropolitan area. They agreed that all of Plaintiff's jobs in 2012 were "temporary" within the meaning of IRC section 162(a). The parties agreed that Defendant's Exhibit D at 1 is an accurate list of Plaintiff's substantiated mileage in 2012, although they do not agree that all of the mileage is deductible. Defendant's Exhibit D at 1 lists 39,436 total miles. Of that mileage, the parties agreed that Plaintiff may deduct 3,180 miles

---

[1] This Final Decision incorporates without change the court's Decision, entered March 14, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

for travel between his Sandy and Eugene job sites.  (*See* Def's Ex D at 1.)  They further agreed that Plaintiff may deduct 1,442 miles for travel to attend classes.  (*See id.*)

The parties agreed that Plaintiff may only deduct his remaining mileage if he meets one of the exceptions listed in Revenue Ruling 99-7; specifically, the first exception, which permits a taxpayer to "deduct daily transportation expenses incurred in going between the taxpayer's residence and a <u>temporary</u> work location <u>outside</u> the metropolitan area where the taxpayer lives and normally works."  (Ptf's Ex 2 at 6 (emphasis in original).)  They agreed that the issue before the court is whether Plaintiff "normally worked" in the Salem metropolitan area.

B.    *Plaintiff's Employment*

Plaintiff was an apprentice electrician in 2012.  (*See* Def's Ex A at 2.)  Armstrong testified that, in addition to working, Plaintiff attended evening and weekend classes that were required by his union.

Plaintiff worked for three employers in 2012.  (*See* Ptf's Ex 4.)  Armstrong testified that two of the three employers were located in the Salem metropolitan area; one in Jefferson and the other in Stayton.  (*See id.*)  A letter from the Stayton employer stated that Plaintiff worked for the employer for two days in 2012.  (Ptf's Ex 8 at 1.)  Plaintiff was required to report to the Stayton employer's business location and then ride in a company vehicle to the job location, which was in Turner.  (*Id.*)  Plaintiff did not provide a letter from his Jefferson employer or any other evidence identifying the location of that job site.  Armstrong testified that Plaintiff did not deduct mileage for either of the two jobs in the Salem metropolitan area.

Plaintiff's third employer, Bergelectric, was located outside of the Salem metropolitan area in Los Angeles, California.  (*See* Ptf's Ex 4 at 1.)  Plaintiff provided a letter from Bergelectric's Human Resources Assistant listing Plaintiff's jobs for Bergelectric in 2011 and

2012. (Ptf's Ex 8 at 2.) The letter did not identify the specific dates or durations of those jobs. (*See id.*) The letter included handwritten notes identifying the location of each job. (*See id.*) They are as follows: six in Portland, OR; two in Sandy, OR; two in Corvallis, OR; two in Eugene, OR; one in Wilsonville, OR; one in Hillsboro, OR; and one in Tigard, OR. (*Id.*)

Plaintiff provided a work history report from his union, listing his employers from 2013 through 2016. (Ptf's Ex 5.) The list did not identify the locations of either the employers or the job sites. (*See id.*) Armstrong testified that Plaintiff's union did not track that information. Armstrong testified that he thought the majority of Plaintiff's work locations during that time period were in the Salem metropolitan area.

Based on Plaintiff's 2012 mileage log, Defendant calculated that Plaintiff worked 211 days in the Portland metropolitan area, including 176 days in Sandy and 35 days in Portland. (*See* Def's Ex D at 1; *see also* Ptf's Ex 6.) He worked in Eugene 19 days. (*See id.*) Plaintiff attended classes two days in Beaverton, which is within the Portland metropolitan area, and 68 days in Salem. (*See id.*) Miller testified that she could not determine where Plaintiff "normally worked" based on the information she received from Plaintiff.

## II. ANALYSIS

The issue presented is whether Plaintiff may deduct daily transportation expenses for the 2012 tax year beyond what the parties have agreed upon.

The Oregon Legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code [IRC] relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax and the revenue needs of the state[.]" ORS 316.007(1).[2] "Any term

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter." ORS 316.012. On the issue presented in this case, "Oregon law makes no adjustments to the rules under the [IRC] and therefore, federal law governs the analysis." *See Porter v. Dept. of Rev.*, 20 OTR 30, 31 (2009).

Deductions are "a matter of legislative grace" and taxpayers bear the burden of proving their entitlement to the deductions claimed. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence[,]" which "means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

IRC section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * * * traveling expenses * * *." "To be 'necessary[,]' an expense must be 'appropriate and helpful' to the taxpayer's business. * * * To be 'ordinary[,]' the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved." *Boyd v. Comm'r*, 83 TCM (CCH) 1253, WL 236685 at *2 (2002) (internal citations omitted). IRC section 262 disallows deductions for "personal, living, and family expenses" not otherwise expressly allowed

/ / /

under the IRC. Generally, the taxpayer's cost of commuting to his or her place of business or employment is a personal expense that is not deductible. Treas Reg § 1.262-1(b)(5).

Revenue Ruling 99-7 provides three exceptions to the general rule that commuting expenses are not deductible. The first exception, at issue here, states:

> "A taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a *temporary* work location *outside* the metropolitan area where the taxpayer lives and normally works. * * * [D]aily transportation expenses incurred in going between the taxpayer's residence and a *temporary* work location *within* that metropolitan area are nondeductible commuting expenses."

Rev Rul 99-7, 1991-CB 361 (emphasis in original). To allow Plaintiff a deduction for his daily transportation expenses, "this court must find (1) that travel was to temporary work locations; (2) that taxpayer lived in a certain metropolitan area; and (3) that taxpayer 'normally' worked in the metropolitan area [where] he lived." *Austin v. Dept. of Rev.*, 20 OTR 20, 23 (2009). The parties stipulated that Plaintiff's work locations in 2012 were temporary and that he lived in the Salem metropolitan area. The only question is whether Plaintiff "normally" worked in the Salem metropolitan area.

In *Austin*, this court analyzed definitions of the word "normally" as used in Revenue Ruling 99-7, concluding that "normally" means "commonly or usually." 20 OTR at 24–25. The definitions "do not include a specific numeric value creating a bright-line rule, nor do the definitions imply a threshold percentage, although 'more often than not' suggests over 50 percent." *Id.* at 25. Ultimately, the definitions required "a case-by-case judgment considering the facts at issue[,]" including the degree, the circumstances, and the conditions. *Id.*

The court in *Austin* denied any deduction to the taxpayer – a construction worker – with jobs widely dispersed over a broad area. 20 OTR at 26. The "taxpayer's pattern in metropolitan areas changed from year to year, and in some cases to a radical degree." *Id.* "In years prior to,

and including the tax years at issue, 1997 through 2003, taxpayer worked in the Salem metropolitan area in significantly varying amounts of time, and in two years, not at all." *Id.* On those facts, the court concluded that the "taxpayer did not 'normally' work in the Salem metropolitan area." *Id.* at 27–28.

This court reached the same outcome in *Porter v. Dept. of Rev.*, 20 OTR 30 (2009), where the taxpayer – a union pipefitter – lived within the Salem metropolitan area and worked at job sites in Toledo, Milwaukie, and Hillsboro, Oregon. The court concluded that the taxpayer was not allowed to deduct his daily transportation expenses because he did not "normally" work in the Salem metropolitan area or any other metropolitan area. *Id.* at 33–34.

Turning to the facts presented here, the court must determine whether Plaintiff commonly or usually worked in the Salem metropolitan area. Plaintiff provided a 2012 mileage log demonstrating that the majority of Plaintiff's job sites were located in the Portland metropolitan area, with the exception of one job site in Eugene. Plaintiff worked 211 days and attended classes two days in the Portland metropolitan area.[3] Plaintiff's mileage log listed no days worked in the Salem metropolitan area, although the letter from his Stayton employer indicated that Plaintiff worked two days in the Salem metropolitan area. Plaintiff also worked for an employer based in Jefferson, which is within the Salem metropolitan area. However, he failed to provide any evidence concerning the location or duration of that employment.

Plaintiff provided evidence of his 2011 and 2012 job sites in the form of a letter from Bergelectric listing Plaintiff's jobs. Although the letter did not identify the specific dates or durations of jobs, it included handwritten notes identifying the job locations. Of the 15 jobs listed in the letter, 11 were located within the Portland metropolitan area and two were located in

---

[3] The court accepts Defendant's determination that Sandy and Beaverton are both within the Portland metropolitan area.

the Eugene metropolitan area. The remaining two jobs were located in Corvallis, which is approximately 37 miles from Salem and *might* be considered part of the Salem metropolitan area. Plaintiff's evidence is insufficient to support a finding that he normally worked in the Salem metropolitan area. The evidence tends to indicate that Plaintiff normally worked in the Portland metropolitan area, at least in 2011 and 2012.

Armstrong testified that he thought Plaintiff worked primarily in the Salem metropolitan area during the 2013 through 2016 tax years. Unfortunately, Plaintiff did not provide any evidence – such as a work history, employer letters, or logs – to support that contention. Plaintiff failed to prove by a preponderance of the evidence that he "normally" worked in the Salem metropolitan area. As a result, he is not allowed any additional mileage deduction for the 2012 tax year pursuant to the first exception in Revenue Ruling 99-7.[4]

## III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff did not normally work in the Salem metropolitan area and is, therefore, not allowed a 2012 tax year deduction for mileage beyond that which the parties agreed upon. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] Under certain circumstances, Oregon law allows a deduction for travel expenses incurred by construction workers who travel to job sites more than 50 miles from their principal residences. *See* ORS 316.806 to 316.818. The expenses must not be otherwise deductible under the IRC. ORS 316.808(4)(a). Plaintiff here did not present a claim for any such deduction and did not offer proof of actual expenses incurred for gas, oil, or automobile repairs and maintenance. *See* ORS 316.806(5).

IT IS THE DECISION OF THIS COURT that, as stipulated by the parties, Plaintiff is allowed a 2012 deduction for business mileage based upon 4,622 miles. Plaintiff is not allowed any additional mileage deduction for the 2012 tax year.

Dated this ___ day of March, 2017.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on March 31, 2017.*